UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
SMIL ROSARIO,

                         Plaintiff,

           -against-


LIBERTY PLACE PROPERTY MANAGEMENT LLC
and CRP 133 WEST 145TH STREET LLC,

                        Defendants.
------------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.**

Jury Trial Demanded

      Plaintiff SMIL ROSARIO ("Mr. Rosario" or "Plaintiff"), by and through his attorneys, Joseph & Norinsberg, LLC, as and for Plaintiff's complaint against LIBERTY PLACE PROPERTY MANAGEMENT LLC ("Liberty") and CRP 133 WEST 145TH STREET LLC ("CRP") (collectively, "Defendants"), alleges upon knowledge as to Plaintiff, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

      1.     This is an action for money damages, brought by Plaintiff to seek redress for Defendants' blatant violations of Plaintiff's rights as an employee, pursuant to federal and state law, to be lawfully compensated in the workplace.

      2.     This action is based upon Defendants' violations of rights guaranteed to Plaintiff by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160, and the New York Wage Theft Prevention Act ("NYWTPA"); (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of information, under the N.Y. Lab. Law §§ 195(3) and 198 and the NYWTPA;  (iv) the spread of hours

1

requirement as contained in New York State regulation 12  NYCRR § 142 *et seq.*;  and (v) the minimum wage provisions of New York Labor Law, § 650 *et seq.*

3.      Specifically, Plaintiff brings this action to seek redress for Defendants' willful and blatant violation of Federal and New York state wage and overtime laws by: (a) failing to compensate Plaintiff the minimum wage during certain periods; (b) failing to compensate Plaintiff for his overtime hours at the statutory time-and-a-half rate; (c) routinely requiring Plaintiff to work more than 10 hours per day, without compensating him for an extra hour at the prevailing minimum wage rate, in violation of New York's spread-of-hours provision; (d) failing to provide Plaintiff  proper wage notices at the beginning of his employment; and (e) failing to provide proper wage statements at any time during their employment.

## JURISDICTION AND VENUE

4.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this is a civil action that arises under the Constitution, laws, or treaties of the United States.

5.      The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which confers jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), Defendants reside within this judicial district.

## JURY DEMAND

7.      Plaintiff respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

2

## PARTIES

8.      At all relevant times, herein, Plaintiff Smil Rosario was and is a resident of the County, City, and State of New York, and an "individual" as well as an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYWTPA.

9.      At all relevant times, Defendant Liberty Place Property Management LLC was and is a domestic limited liability company with its principal place of business located in the County, City, and State of New York.

10.     At all relevant times, Defendant Liberty Place Property Management LLC was and is a domestic limited liability company registered to do business in the State of New York.

11.     At all relevant times, Defendant Liberty Place Property Management LLC was and is an "employer" and "person" within the meaning of the FLSA and NYLL.  Additionally, Liberty's qualifying annual business revenue exceeds $500,000.00 and it is engaged in interstate commerce within the meaning of the FLSA, the combination of which subjects Liberty to the FLSA's overtime requirements.

12.     At all relevant times, Defendant CRP 133 West 145th Street LLC was and is a domestic limited liability company with its principal place of business located in the County, City, and State of New York.

13.     At all relevant times, Defendant CRP 133 West 145th Street LLC was and is a domestic limited liability company registered to do business in the State of New York.

14.     At all relevant times, Defendant CRP 133 West 145th Street LLC was and is an "employer" and "person" within the meaning of the FLSA and NYLL.  Additionally, CRP's qualifying annual business revenue exceeds $500,000.00 and it is engaged in interstate commerce

within the meaning of the FLSA, the combination of which subjects CRP to the FLSA's overtime requirements.

15.     Up until June 2016, Defendants Liberty Place Property Management LLC was responsible for and controlled Plaintiff's rates of pay, work schedules, job duties, and all other terms and conditions of his employment.

16.     As of June 2016, Defendant CRP 133 West 145th Street LLC was, and continues to be, responsible for and controlled Plaintiff's rates of pay, work schedules, job duties, and all other terms and conditions of his employment.

17.     At all relevant times, Mr. Rosario worked for either Liberty or CRP at 133 West 145 Street and at 304 W 147th St., within the County, City and State of New York, and is considered an "employee" under the FLSA, NYLL, and NYWTPA.

## PRELIMINARY STATEMENT

18.     This actions seeks redress for  Defendants' blatant violations of Plaintiff's rights under the FLSA and NYLL. During Mr. Rosario's tenure at Liberty Place Property Management LLC and then at CRP 133 West 145th Street LLC, Plaintiff  dutifully and consistently worked well over 40 hours each week, often performing extra duties, and yet Plaintiff never received the statutorily mandated overtime pay he earned for the hours that he worked over 40 each week.

19.     Moreover, Defendant CRP willfully failed to pay Plaintiff the statutorily mandated minimum wage.

## BACKGROUND FACTS

20.     On or about April 13, 2014, Liberty hired Mr. Rosario as a residential building superintendent.

4

21.     Mr. Rosario's pay stubs indicate that Mr. Rosario was an hourly employee being paid at the rate of $12.00 per hour for a 40-hour work week.

22.     Mr. Rosario and Liberty did *not* have a clear mutual understanding that Plaintiff's weekly compensation was for all hours worked, as evidenced by the fact that Mr. Rosario's paystubs clearly and consistently indicated that the weekly compensation was for *40 hours of work*, rather than all hours worked.

23.     During Mr. Rosario's tenure at Liberty, he was an excellent employee and performed exemplary work

24.     Mr. Rosario resided at 133 West 145 Street, Apt. B1, New York, New York, and assumed superintendent responsibility for said building. He also assumed responsibility for a building several blocks away, located at 304 W 147th St, New York, New York

25.     Mr. Rosario would go and back forth between the two buildings, roughly 8 to 10 times a day, as he had duties in both buildings, including preparing and painting apartments for new tenants, responding to tenants' calls and complaints, attending to basic plumbing, electrical and other repairs, and maintaining the boiler.

26.     In addition to his regular duties, Mr. Rosario was also expected to be available to attend to the tenants' emergencies whenever such events arose, including nights and weekends.

27.     Although tenants frequently called an emergency hotline, their concerns often did not amount to a genuine emergency. Nonetheless, each time the emergency hotline was called, Mr. Rosario was required to go and investigate the matter.

28.     Once he arrived at the caller's apartment, he would have to engage in problem-solving and either address the problem himself or call an outside contractor, such as an electrician, to resolve the emergency.

29.     Accordingly, throughout his employment, Mr. Rosario consistently worked more than 40 hours a week. However, Liberty only compensated him for 40 hours of work, regardless of how many overtime hours he worked each week.

30.     Specifically, from March 2014 until on or about June 2016, Mr. Rosario worked between 55 to 60 hours each week, resulting in 15 to 20 hours overtime each week. Nonetheless, Liberty deliberately failed to pay him wages at the statutory overtime rate for his overtime hours (one-and-a-half times his standard rate, which would have been $18.00 per hour), in violation of the NYLL and the FLSA.

31.     Upon information and belief, on or about June 2016, there was a change in ownership and CRP assumed control of Plaintiff's employment. As of that date, Mr. Rosario's duties changed slightly, such that he functioned as superintendent for one building rather than two.

32.     Furthermore, as of the June 2016, CRP ceased paying Mr. Rosario *any monetary wages*, although he continued to work at least 50 hours. In defense of this outrageous development, CRP claimed that Plaintiff's rent would suffice as compensation, although they plainly knew, or should have known, that no justification exists for failing to pay an employee any monetary wages.

33.     Minimum wage is a basic and well-known requirement under both state and federal law. Accordingly, CRP's conduct in failing to pay Mr. Rosario *any* wages as of June 2016, is shocking and inexcusable.

34.     The total additional wages that Mr. Rosario should have earned up and until June 2016, in accordance with the FLSA and NYLL, is at least $42,120.00.

35.     The total additional wages that Mr. Rosario should have earned since June 2016, in accordance with the FLSA and NYLL, is significant and continues to accrue each day that CRP fails to pay Mr. Rosario his lawful wages.

36.     Moreover, the willfulness associated with Defendants' actions – both Liberty and CRP – makes them liable for liquidated damages, which will likely result in damages as high as 200% of the amounts owed to Mr. Rosario. Plainly, both Defendants knew or reasonably should have known of the Federal and State wage standards set forth above, yet failed to comply,

37.     At no time during Plaintiff's employment with either Liberty or CRP, did he receive written notifications of his hourly rates, including overtime rates, regular pay day, as well as how Plaintiff would be paid (i.e. per hour shift, etc.), in violation of the New York City Wage Theft Prevention Act.

38.     At no time during Plaintiff's employment with either Liberty or CRP, did he receive pay stubs that accurately reflected the actual number of hours that Plaintiff worked and his hourly rate, including overtime rate, in further violation of the New York City Wage Theft Prevention Act.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS LIBERTY AND CRP
### *(Federal Overtime Violations)*

39.     Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

40.     Plaintiff was required to work more than forty (40) hours per week without being compensated for those hours at the statutorily required rate of one-and-a-half (1 ½) times his regular rates of pay.

41.     These practices were willful and lasted for the duration of all relevant time periods.

42.     These practices were in violation of the FLSA.

43.     Because of the foregoing, Plaintiff is entitled to recover all his unpaid overtime wages, as well as an amount equal to their unpaid wages as liquidated damages, and the reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS LIBERTY AND CRP
### *(Unpaid Overtime under the NYLL and NYCCRR)*

44.     Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

45.     N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2, require employers to compensate their employees at a rate not less than one-and-one-half times their regular rate for any hours exceeding 40 in a workweek.

46.     As described above, Defendants are "employers" within the meaning of the NYLL while Plaintiff is an "employee" within the meaning of the NYLL.

47.     As also described above, Plaintiff frequently worked more than 40 hours per week, yet the Defendants failed to compensate Plaintiff in accordance with the NYLL's and NYCCRR's overtime provisions.

48.     Defendants' actions were in willful violation of the NYLL and NYCCRR.

49.     Plaintiff is entitled to the difference between those amounts that the Defendants paid to him and the amounts which he was legally due under the NYLL's and NYCCRR's overtime provisions.

50.     Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

51.     These practices were willful and lasted for the duration of all relevant time periods.

52.     These practices are in violation of Labor Law §§ 650 *et seq.*

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS LIBERTY AND CRP**
*(Failure to Furnish Proper Wage Statements in Violation of the NYCCRR and NYLL)*

53.     Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

54.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing specific enumerated criteria on each occasion when the employer pays wages to the employee.

55.     Defendants knowingly failed to comply with this provision. Notably, Liberty's wage statements were inaccurate and CRP failed entirely to submit any payments to Mr. Rosario.

56.     NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief.

57.     As described above, both Defendants willfully failed to furnish Plaintiff with wage statements containing the criteria required under the NYLL and NYWTPA.

58.     Based on the foregoing, Defendants are liable to Plaintiff in the amount of at least $5,000.00, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS LIBERTY AND CRP**
*(Failure to Provide Annual Statements in Violation of the NYCCRR and NYLL)*

59.     Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

60.     Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with an annual notice, setting forth, among other things, "the rate or rates of pay and basis thereof."

61.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiff with any kind of annual notice whatsoever, let alone an annual notice meeting the requirements of NYLL § 195(1)(a).

62.     NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages of $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

63.     Based on the foregoing, Defendants are liable to Plaintiff  in the amount of $5,000, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT CRP
### *(Failure to Pay Minimum Wage in Violation of the NYLL Art. 19 § 652)*

64.     Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

65.     N.Y. Lab. Law § 652 requires that every employer pay to each of its employees for each hour worked a wage of not less than $9.00 on and after December 31, 2015.

66.     As described above, Defendants willfully failed to fully provide Plaintiff minimum wage beginning as of June 2016.

67.     Pursuant to N.Y. Lab. Law § 652, Defendants are liable to Plaintiff for the full amount of the underpayment, liquidated damages, reasonable attorney's fees and all other statuary costs, penalties, and sanctions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS LIBERTY AND CRP
### (Violation of 12 N.Y.C.R.R. § 142-2.4)

68.     Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

69.     Plaintiff was routinely required to work more than ten (10) hours a day, without being compensated for the legally mandated spread of hours pay.

70.     These practices were willful and lasted for the duration of the relevant time periods.

71.     This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

72.     Because of the foregoing claims, Defendants are liable for an amount to be determined at trial, plus liquidated damages, costs, and attorneys' fees.


## PRAYER FOR RELIEF

        **WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1.     Preliminary and permanent injunctions against the Defendants and their members, officers, owners, agents, successors, employees, representatives, and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

2.     A judgment declaring that the practices complained of herein are unlawful and in violation of the laws of the United States, New York State, and New York City.

3.     An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

4.     Damages which Plaintiff has sustained because of the Defendants' conduct, including all unpaid wages and any short-fall between wages paid and those due under the law, and out-of-pocket losses that Plaintiff has incurred due to the Defendants' conduct;

11

5.      Liquidated damages as recoverable under the FLSA and New York Labor Law;

6.      Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

7.      Pre-judgment and post-judgment interest, as provided by law; and granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
            June 12, 2017

                                            Respectfully Submitted,

                                            JOSEPH & NORINSBERG, LLC.

                            By:      _____
                                            Bennitta Joseph, Esq.
                                            Chaya Gourarie, Esq.
                                            225 Broadway, Suite 2700
                                            New York, NY 10007
                                            Tel. (212) 227-5700
                                            Fax. (212) 406-6890
                                            *Attorneys for Plaintiff*

TO:     Arthur J. Robb
            Clifton Budd & DeMaria, LLP
            The Empire State Building
            350 Fifth Avenue, 61st Floor
            New York, NY 10118
            212-687-7410
            *Attorneys for Defendants*